FILED
U.S. DISTRICT COURT.
SAVANNAH DIV.
2015 NOV 30 PM 4: 04
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO LAMAR MORGAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN MARTY C. ALLEN, ) <br> ) <br> Respondent. ) | Case No. CV415-148 |

## REPORT AND RECOMMENDATION

On February 20, 2009, Antonio Morgan pled guilty in the Superior Court of Chatham County, Georgia to kidnapping, aggravated assault with intent to rape, robbery, and three counts of burglary. Doc. 1 at 1. He now petitions this Court for 28 U.S.C. § 2254 relief. *Id.* He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court **GRANTS** because of Morgan's indigency. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, however, reveals fatal timeliness issues.

Morgan had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. Most critically for Morgan, once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

---

[1] That provision provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

Because he never appealed (doc. 1 at 1), Morgan's convictions became final, and his one-year clock began to tick, on March 23, 2009 -- 30 days after his guilty plea. O.C.G.A. § 5-6-38 (defendants must file a notice of appeal within 30 days of the judgment challenged). Over five years (1,859 days) elapsed before he filed a state habeas corpus petition on April 24, 2014. Doc. 1 at 3.

Despite that, Morgan's petition "may still be timely if [he] is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.* Morgan presents nothing to indicate an extraordinary circumstance stood in the way of timely filing.[2] Accordingly, his § 2254 petition should be **DENIED** as untimely.[3]

---

[2] Morgan makes no effort to justify his untimeliness other than to state that the legal grounds he asserts only came to his attention "via Jail House Lawyer" in 2014. Doc. 1 at 13. That's nowhere close to extraordinary, nor does it suggest diligent pursuit of rights.

[3] "If [a] district court considers the timeliness of [a § 2254] petition *sua sponte*, it must give the parties 'fair notice and an opportunity to present their positions.' " *Aureoles*, 609 F. App'x at 623 (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).

3

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 30th day of November, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Williams is free to present any favorable timeliness arguments within the objection period set forth in Fed. R. Civ. P. 72(b)(2), which the Court extends to 28 days for purposes of affording him ample "notice and an opportunity to present [his] position[]." The Clerk is **DIRECTED** to note this extended due date on the docket.

4