FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 JAN 22 AM 11:32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO LAMAR MORGAN, )
)
    Petitioner, )
)
v. ) CASE NO. CV415-148
)
MARTY C. ALLEN, )
)
    Respondent. )
_____ )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 4), to which an objection has been filed (Doc. 7). In his objections, Petitioner argues that the one year filing deadline for 28 U.S.C. § 2254 is not applicable because he is both actually innocent, and entitled to equitable tolling due to his attorney's ineffective assistance of counsel. For the following reasons, this Court concludes that Petitioner's objections lack merit and **ADOPTS** the report and recommendation as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2254 petition is **DENIED**.

A petitioner can overcome § 2244(d)'s time-bar by a showing of actual innocence. McQuiggin v. Perkins, ___ U.S. ___, 133 S.Ct. 1924, 1936 (2013). However, a Petitioner must make a substantial showing and "tenable actual

innocence gateway pleas are rare." Id. at 1928. Hence, it must be "more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence." Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327, (1995)). Petitioner thus must provide "new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir. 2006) (internal quotations and citations omitted); Carroll v. Price, 2015 WL 225468, at *5 (N.D. Ala. Jan. 16, 2015).

Petitioner plies only conclusions here, not new evidence. He claims that had his case been evaluated under the four part asportation test adopted in Garza v. State, 284 Ga. 696, 670 S.E.2d 73 (2008) superseded by statute as recognized in Gonzalez v. Hart, 297 Ga. 670, 777 S.E.2d 456 (2015), he would have been considered actually innocent. However, Petitioner fails to provide any support for the proposition that a reasonable jury would not have found him guilty beyond a reasonable doubt. Compare McQuiggin, 133 S. Ct. at 1929 ("He relied on three affidavits, each pointing to Jones, not Perkins, as Henderson's murderer."); Carroll, 2015 WL 225468, at *6 ("The affidavit of Billy Wayne Johnson proffered by petitioner does not make an

2

adequate showing of actual innocence for purposes of the McQuiggin gateway."). Petitioner's actual innocence claim thus fails. Grayson v. McCollum, 594 F. App'x 556, 557 (10th Cir. 2015) ("Mr. Grayson did not present the district court with any new evidence of innocence. As a result . . . [he] failed to satisfy his burden of proving actual innocence.").

Likewise, Plaintiff's argument that he should be entitled to equitable tolling on the basis that he received ineffective assistance of counsel must also fail. An untimely 28 U.S.C. § 2254 petition may be considered if Petitioner can demonstrate that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). However, equitable tolling is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of

proving his entitlement to equitable tolling. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

Here, Petitioner has alleged that his attorney abandoned him and failed to discuss his options with him either during the plea or after. While "serious attorney misconduct, including 'acts of gross negligence [and] acts of outright willful deceit,' [can] constitute 'extraordinary circumstances' which would justify equitable tolling of a movant's § 2255 motion," there has been no such showing here. Smith v. United States, 420 F. App'x. 944, 496 (11th Cir. 2011), (citing Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir.2008)); see also Holland v. Florida, 560 U.S. 631, 633 (2010) (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect"). Petitioner alleges that he contacted his attorney several times to "acquire any information as to was [sic] there anything more that could be done by him." (Doc. 7 at 4.) However, this is not enough. See Webster v. Sec'y for Dept. of Corr., 384 F. App'x 979, 983 (11th Cir. 2010) (rejecting argument that attorney's failure to inform petitioner of decision on direct appeal and "abandonment" of petitioner

4

entitled him to equitable tolling). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 22ND day of January 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA